UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ENDER P. REYES,
and other similarly situated individuals,

    Plaintiff (s),

v.

J & K ROOFING INC,
and JULIO C. RUBIO, individually

    Defendants.

_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ENDER P. REYES and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants J & K ROOFING INC, and JULIO C. RUBIO, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff ENDER P. REYES is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant J & K ROOFING INC (hereinafter J & K ROOFING, or Defendant) is a Florida Profit Corporation having a place of business in Hollywood, Broward County, Florida. Defendant is engaged in interstate commerce.

4. Individual Defendant JULIO C. RUBIO was and is now the owner/partner/officer and manager of Defendant Corporation J & K ROOFING . Defendant JULIO C. RUBIO directed and controlled Plaintiff's work. By virtue of this control, JULIO C. RUBIO is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Broward County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. Plaintiff ENDER P. REYES brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after December 2023, (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant J & K ROOFING is a general construction contractor specializing in residential, commercial, and industrial new roofing construction, roofing replacement, and roofing restorations.

8. The employer J & K ROOFING was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant

obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

10. Defendants J & K ROOFING and JULIO C. RUBIO employed Plaintiff ENDER P. REYES as a roofing laborer from approximately December 04, 2023, to March 05, 2024, April 29, 2023, or 13 weeks.

11. Plaintiff was a non-exempt, full-time roof installer. Plaintiff had an hourly wage rate of $16.00 an hour.  Plaintiff's overtime rate should be $24.00 an hour.

12. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, from approximately 6:00 AM to 6:30 PM (12.5 hours daily), or 57.5 hours weekly. Plaintiff has deducted five hours of lunchtime weekly.

13. During his employment with Defendants, Plaintiff always worked more than 40 hours weekly.  He was paid for all his working hours, but at his regular rate. Defendants did not compensate Plaintiff for overtime hours, as required by law.

14. Plaintiff clocked in and out and Defendants were in control of his working hours. Plaintiff worked under the supervision of the owner of the business. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

15. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

16. Plaintiff was paid in cash without paystubs providing accurate information about the wage rate paid, the number of days and hours worked, employees' taxes withheld, etc.

17. On or about March 05, 2024, Plaintiff was forced to leave his employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

18. At times mentioned, individual Defendant JULIO C. RUBIO was and is now the owner/partner/officer and manager of J & K ROOFING. Defendant JULIO C. RUBIO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in the interests of J & K ROOFING concerning its employees, including Plaintiff and others similarly situated. Defendant JULIO C. RUBIO had financial and operational control of the business, provided Plaintiff with his work schedule, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

19. Plaintiff ENDER P. REYES seeks to recover unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

20. At this time, Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid wages based on his best recollections.

21. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant period but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40)

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1);**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

22. Plaintiff ENDER P. REYES re-adopts every factual allegation stated in paragraphs 1-21 above as stated in full herein.

23. This action is brought by Plaintiff ENDER P. REYES and those similarly situated to recover from their Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC § 207.  29 USC § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendants J & K ROOFING and JULIO C. RUBIO employed Plaintiff ENDER P. REYES as a roofing laborer from approximately December 04, 2023, to March 05, 2024, or 13 weeks.

25. Plaintiff was a non-exempt, full-time roof installer. Plaintiff had an hourly wage rate of $16.00 an hour.  Plaintiff's overtime rate should be $24.00 an hour.

26. While employed by Defendants, Plaintiff worked five days per week from Monday to Friday, from approximately 6:00 AM to 6:30 PM (12.5 hours daily), or 57.5 hours weekly. Plaintiff has deducted five hours of lunchtime weekly.

27. During his employment with Defendants, Plaintiff always worked more than 40 hours weekly. He was paid for all his working hours, but at his regular rate. Defendants did not compensate Plaintiff for overtime hours, as required by law.

28. Plaintiff clocked in and out and Defendants were in control of his working hours. Plaintiff worked under the supervision of the owner of the business. Defendants knew about the number of hours worked by Plaintiff and other similarly situated employees.

29. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

30. Plaintiff was paid in cash without paystubs providing accurate information about the wage rate, the number of days and hours worked, employees' taxes withheld etc.

31. On or about March 05, 2024, Plaintiff was forced to leave his employment.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

33. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. Defendants violated the Posting requirements of 29 USC § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    *Plaintiff is not in possession of time and payment records, but he is providing this preliminary good faith estimate of the unpaid overtime based on his best recollections. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages:</u>

       One Thousand Eight Hundred Twenty Dollars and 00/100 ($1,820.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 13 weeks
       Total number of relevant weeks: 13 weeks
       Total number of hours worked: 57.5
       Total number of unpaid O/T hours: 17.5
       Wage rate: $16.00 an hour x 1.5= $24.00 O/T
       O/T rate: $24.00-$16.00 rate paid=$8.00 O/T difference
       Half-time O/T: $8.00 an hour

       $8.00 x 17.5 O/T hours=$140.00 x 13 weeks= $1,820.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

       This amount represents unpaid half-time overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §§ 201-219 and 29 CFR § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay them at the rate of

time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants, and Plaintiff and those similarly situated are entitled to recover double damages.

39. Defendants J & K ROOFING and JULIO C. RUBIO willfully and intentionally refused to pay Plaintiff ENDER P. REYES overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

40. Plaintiff seeks to recover unpaid overtime wages accumulated during his time of employment, liquidated damages and any other relief as allowable by law.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff ENDER P. REYES and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff ENDER P. REYES and other similarly situated and against the Defendants J & K ROOFING and JULIO C. RUBIO based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and

    overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff ENDER P. REYES an equal amount in double damages/liquidated damages; and

D. Award Plaintiff ENDER P. REYES reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ENDER P. REYES demands a trial by jury of all issues triable as of right by a jury.

DATE:  March 20, 2024,

                                        Respectfully Submitted,

                                        By:  **/s/ Zandro E. Palma**
                                        ZANDRO E. PALMA, PA.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*